**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RAYMOND BOYD an individual,** on behalf of himself and others similarly situated, | ) ) ) | CIVIL ACTION |
| | ) | CASE NO. |
| and | ) ) | JUDGE: |
| **TERRY L. VUKICH**, **an individual,** on behalf of himself and others similarly situated, | ) ) ) ) | MAGISTRATE JUDGE: |
| Plaintiffs, | ) ) ) ) | **COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |
| vs. | ) ) | **JURY DEMAND ENDORSED HEREON** |
| **SCHWEBEL BAKING COMPANY,** | ) ) | |
| Defendant. | ) | |

**COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF
THE FAIR LABOR STANDARDS ACT**

Plaintiffs Raymond Boyd and Terry L. Vukich ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against Defendant Schwebel Baking Company ("Schwebel" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiffs' own experiences and the conduct and acts of others.

**INTRODUCTION**

This is an action brought by Plaintiffs, individually and as putative representatives for a collective action, against their former employer Schwebel, for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiffs and the putative class members

were not paid overtime for any hours worked over forty (40) per week, even though they were "non-exempt" employees, and thus entitled to such wages under federal law.

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Raymond Boyd is an adult individual residing in Stark County, Ohio. Mr. Boyd was employed by Defendant Schwebel as a Route Sales delivery driver.

4.      Terry L. Vukich is an adult individual residing in Stark County, Ohio. Mr. Vukich was employed by Defendant Schwebel as a Route Sales delivery driver.

5.      Plaintiffs bring this action collectively for the following persons: "All workers who were employed by Defendant Schwebel as a Route Sales delivery driver (or similar position), spent all or part of their workweek driving a vehicle that weighed 10,000 pounds or less, and did not receive overtime for hours worked over forty (40) per workweek during the last three years."

6.      Plaintiffs consent in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

7.      Defendant Schwebel Baking Company is a for-profit Ohio corporation that maintains its principal place of business in Youngstown, Ohio. Defendant Schwebel can be served through its registered statutory agent, Paul Schwebel, 965 East Midlothian, Blvd., Youngstown, Ohio 44507.

8.      During all times material to this complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

9.      During all times material to this complaint, Plaintiffs and the putative class members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

10.     Defendant Schwebel is in the business of baking and distributing various bread products.

11.     Defendant Schwebel employs Route Sales delivery drivers.  Route Sales delivery drivers deliver Schwebel's products to Schwebel's customers including grocery stores, restaurants, schools, and food retailers.

12.     Plaintiffs were Route Sales delivery drivers employed by Schwebel.

13.     Schwebel has a mixed fleet of delivery vehicles for its Route Sales delivery drivers to use in delivering Schwebel's products to its customers.  That mixed fleet consists of trucks that weigh 10,000 pounds or less (the "small vehicles") and trucks that weigh more than 10,001 pounds (the "commercial vehicles").

14.     Plaintiffs and the putative class members all drove small vehicles during at least part of a workweek within the last three years.

15.     At all relevant times, Plaintiffs and the putative class members were non-exempt employees and entitled to be paid for all hours worked and at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

3

16.    The primary duty of Route Sales delivery drivers, including Plaintiffs, was to deliver Schwebel's products.  Route Sales delivery drivers, including Plaintiffs, were assigned designated routes to which they delivered Schwebel's products to established customers day after day or week after week.  Customer orders delivered by Route Sales delivery drivers were mostly (if not entirely) based on the volume of the customer's sales since the previous delivery.

17.    Route Sales delivery drivers, including Plaintiffs, were not paid at a rate of one and a half times their regular rate for hours worked in excess of forty (40) in a workweek.

18.    Route Sales delivery drivers, including Plaintiffs, routinely worked in excess of forty (40) hours in a workweek and typically worked fifty-five (55) hours per week or more.

## COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiffs repeat the allegations set forth above and incorporate them herein by reference.

20.    Plaintiffs bring this action on behalf of themselves and all workers who were employed by Defendant Schwebel as a Route Sales delivery driver (or similar position), spent all or part of their workweek driving a vehicle that weighed 10,000 pounds or less, and did not receive overtime for hours worked over forty (40) per workweek during the last three years.

21.    Plaintiffs are similarly situated to those persons and will prosecute this action vigorously on their behalf.

## CLAIM FOR RELIEF

**Violation of Fair Labor Standards Act ("FLSA")**
**(Collective Action)**

22.    Plaintiffs repeats the allegations set forth above and incorporate them herein by reference.

4

23.     Defendant is an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

24.     As employees for Defendant, Plaintiffs and the putative class members worked hours in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours.

25.     Plaintiffs and the putative class members do not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

26.     Throughout Plaintiffs' and the putative class members' employment, Defendant has known that Plaintiffs and the putative class members were not exempt from the wage and overtime obligations imposed by the FLSA.  Defendant knew that it was required to pay Plaintiffs and the putative class members for all hours worked.  In spite of such knowledge, Defendant willfully withheld and failed to pay the wages and overtime compensation to which Plaintiffs and the putative class members were entitled.

27.     Pursuant to the FLSA, Plaintiffs and the putative class members were entitled to compensation for all hours worked and for the unpaid overtime at a rate of one and one half times their regular rate.  Because the Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiffs and the putative class members are entitled to these wages dating back three years.

28.     The identity of all the putative class members is unknown at this time, but is known to Defendant, and is set forth in Defendant's records.  Plaintiffs are entitled to review these records and immediately identify the putative class members who have a right to join this collective action.

29.     The exact amount of compensation, including overtime compensation that Defendant has failed to pay the Plaintiffs and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

30.     The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiffs are entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendant.  Absent Defendant keeping these records as required by law, Plaintiffs and the putative class members are entitled to submit their information about the number of hours worked.

31.     Defendant's failure to pay Plaintiffs and the putative class members compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA.  Pursuant to 20 U.S.C. § 216(b), Plaintiffs and the putative class members are therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

32.     Plaintiffs have been required to file this action as the result of Defendant's actions in failing to pay Plaintiffs and the putative class members proper compensation.  As such, Plaintiffs and the putative class members are entitled to attorney fees and costs incurred pursuant to 28 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant as follows:

1.      Awarding Plaintiffs and the putative class members their unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

2.      For a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

3.      Awarding Plaintiffs and the putative class members their reasonable costs and attorney fees necessarily incurred herein; and

4.      Awarding Plaintiffs and the putative class members such other and further relief as the Court deems just and proper.

Respectfully submitted,

NILGES DRAHER LLC

*/s/Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
4580 Stephen Circle, N.W.
Suite 201
Canton, Ohio 44718
Telephone:      (330) 470-4428
Facsimile:      (330) 754-1430
Email:      hans@ohlaborlaw.com
            sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all claims so triable.

/s/ *Hans A. Nilges*
Hans A. Nilges