# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TOBY L. ROSEN, Bankruptcy Trustee on behalf of Raymond Boyd, et al., | ) ) ) ) | CASE NO. 4:15-cv-871 |
| PLAINTIFFS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | MEMORANDUM OPINION AND FINAL ORDER AND JUDGMENT |
| SCHWEBEL BAKING COMPANY, | ) ) ) | |
| DEFENDANT. | ) | |

On September 7, 2017, the parties participated in a court-supervised mediation session, at the conclusion of which, the parties advised the Court that they had reached a settlement. (Non-Doc. Order, dated 9-7-17.) Now before the Court is the parties' Joint Sealed Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, which seeks the Court's approval of a settlement agreement between plaintiffs and defendant resolving plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. (Doc. No. 100 ["Joint Mot."].) Appended to the motion are the parties' Confidential Collective Action Settlement Agreement (Exhibit 1), Notice and Agreement of Confidential Settlement (Exhibit 2), a proposed final order (Exhibit 3), and a declaration from plaintiffs' counsel (Exhibit 4). The Court must now determine whether the settlement represents a fair resolution of plaintiffs' FLSA claims. For the reasons that follow, the Court finds that it does, and the settlement is approved.

## I. BACKGROUND

In this action, filed on May 3, 2015, plaintiffs, Ray Boyd[1] and Terry Vukich, brought suit against defendant, Schwebel Baking Company, on behalf themselves and others similarly situated, for the payment for wages earned but allegedly uncompensated by defendant. (Doc. No. 1 (Complaint ["Compl."]).) Defendant denied that plaintiffs were entitled to any additional wages, and further denied that they violated the FLSA. (Doc. No. 8 (Answer).)

On July 24, 2015, plaintiffs filed a Motion for Conditional Certification and Court-Authorized Notice. (Doc. No. 13.) After a period of pre-certification discovery, plaintiffs filed an Amended Motion for Conditional Certification and Court-Authorized Notice. (Doc. No. 38 ["Am. Mot. Cond. Cert."].) By their amended motion, plaintiffs sought to certify the following collective under the FLSA:

> All workers who were employed by Defendant Schwebel as a Route Sales delivery driver (or similar position), spent all or part of their workday driving a vehicle that weighed 10,000 pounds or less, and did not receive overtime for hours worked over forty (40) per workweek during the last three years.

(*See* Compl. ¶ 5.) Thereafter, defendant filed a motion for judgment on the pleadings on the basis of judicial estoppel. (Doc. No. 47.)

On June 30, 2016, the Court granted plaintiffs' amended motion for conditional certification and denied defendant's motion for judgment on the pleadings. (Doc. No. 62 (Memorandum Opinion and Order).) Since the Court's grant of conditional certification, 61 opt-in plaintiffs have joined this case. One of those opt-in's claims was subsequently voluntarily dismissed. On October 16, 2017, after a successful mediation, the parties filed the present joint motion to approve the settlement.

The settlement agreement covers the representative plaintiffs and the 60 existing opt-in party plaintiffs (hereinafter "plaintiffs") identified in the settlement agreement. To receive an individual payment, the plaintiffs must sign and return the notice and agreement of conditional settlement. The settlement agreement provides that, in consideration of the settlement payment, the plaintiffs' claims are to be dismissed with prejudice.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc*., 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

---

[1] Mr. Boyd's bankruptcy trustee, Toby Rosen, was substituted for Mr. Boyd as a Representative Plaintiff.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

The Court finds that the instant action presented bona fide disputes. Plaintiffs, Route Sales delivery drivers, assert that they were often required to work in excess of 40 hours a week but were not properly compensated for their time. (Compl. ¶¶ 15-18.) Defendants insist that plaintiffs were paid in compliance with FLSA regulations, and further claim that plaintiffs were not entitled to overtime compensation. The divergent views of the facts and the law present bona

fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide dispute. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Moreover, plaintiffs' counsel has informed the Court that they believe that the settlement is fair, reasonable, and adequate and in the best interests of the plaintiffs. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel and the services awards to the named plaintiffs are reasonable, taking into consideration the complexity of the case and the fact that a settlement was reached early in the litigation. While the Court is not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

## IV. CONCLUSION

For all of the foregoing reasons, the Court approves the settlement as fair and reasonable and as having satisfied the standard for approval under the FLSA, 29 U.S.C. § 216(b), and orders that the settlement be implemented according to the terms and conditions of the settlement agreement and as directed herein.

The Court approves the method of calculation and proposed distribution of the individual payments. The parties have submitted with the settlement one exhibit that provides the names of the plaintiffs and the amounts of the individual payments. The court approves the amounts and

orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the settlement agreement.

Having approved the service payments to the representative plaintiffs, the Court orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the settlement agreement.

Having approved the payment of attorneys' fees and expense reimbursements to plaintiffs' counsel, the Court orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the settlement agreement.

The Court dismisses the claim of the plaintiffs with prejudice, and enters final judgment dismissing it from the action. The Court finds no just reason for delay and directs the Clerk of Court to enter this final order and judgment immediately.

The Court retains jurisdiction over the action to enforce the terms of the settlement, including addition of plaintiffs and the distribution process.

**IT IS SO ORDERED**.

Dated: October 20, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**